UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1: 24-cv-10184

**FLORRIE McCARTHY,**
*Plaintiff*,

v.

**MASS GENERAL BRIGHAM INCORPORATED,**
*Defendant*.

## PARTIES

1. Plaintiff Florrie McCarthy is an individual who resides in Braintree, Massachusetts.

2. Defendant Mass General Brigham Incorporated, is a Massachusetts corporation with a principal office at 399 Revolution Drive, Suite 275, Somerville, MA 02145, is an employer within the meaning of 42 U.S.C. § 12111 and 42 U.S.C. 2000e (b).

## JURISDICTION

3. This Court has jurisdiction over this action under the American with Disabilities Act (ADA), 42 U.S.C. § 12112 (a); the Genetic Information Non-discrimination Act (GINA), 42 U.S.C. § 2000ff–1 (a); and 207 (a) of GINA, 42 U.S.C. § 2000ff-6 (a), which incorporates by reference section 706 (f) (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 (f )(3).

## EEOC CHARGE

4. Plaintiff filed a timely charge with the United States Equal Opportunity Commission (EEOC) (Charge No. 523-2023-00130). The EEOC issued a right-to-sue notice on November 1, 2023. Plaintiff brings this case within 90 days of receipt of the EEOC right-to-sue notice. All preconditions for filing this lawsuit have been performed or have occurred.

## FACTUAL ALLEGATIONS

5. At all material times, Plaintiff was a registered nurse employed by Defendant. She worked for Defendant for 36 years, including throughout the COVID-19 pandemic.

6. On January 8, 2021, Plaintiff was injected with the first dose of the two-dose Moderna product advertised as a "COVID-19 vaccine." Approximately one hour after the injection she experienced numbness on the right side of her face and tingling around the nose and lips. The symptoms subsided after a few hours.

7. On February 8, 2021, Plaintiff received the second dose of the Moderna product. Approximately one hour after the injection she began to experience tingling and numbness on the right side of her face, including her mouth, lips, and nose. At about 4:00pm that day, she perceived a metallic taste in her mouth; that symptom resolved but left Plaintiff with diminished taste sensations. In addition to the metallic taste, she began to experience numbness on the right side of her tongue, which has not resolved and continues to this day.

8. The cause of the symptoms was not COVID-19. Plaintiff tested negative for COVID-19 both before and after her injections. Plaintiff's ongoing condition is a result of having been injected with the Moderna products. Plaintiff's physicians have identified no other causes.

9. On June 24, 2021, Defendant announced that it would require all employees to receive products it described as "COVID-19 vaccines" and "boosters" as a condition of their continued employment. Defendant stated that it would exempt employees for medical reasons.

10. Plaintiff did not wish to be injected with a product advertised as a "COVID-19 booster" because of the risk to her health. Plaintiff had suffered harm as a result of the Moderna products and had a well-founded fear that being injected with a "booster" would cause further harm, including Bell's Palsy (facial paralysis). Peer-reviewed medical literature has demonstrated an

association between the products and the onset of Bell's Palsy, e.g. Nicola Cirillo and Richard Doan, "The association between COVID-19 vaccination and Bell's palsy," *The Lancet*, August 16, 2021.[1] Plaintiff did not, and does not, wish to succumb to Bell's Palsy or to suffer other debilitating adverse reactions.

11. On June 2, 2022, Plaintiff submitted to Defendant a request for a medical exemption from Defendant's policy bearing the signature of Barbara J. Woo, MD, Plaintiff's healthcare provider. Dr. Woo described Plaintiff's post-injection symptoms, stated than "an alternate cause has not been found," and concluded, "Because of the uncertainty that additional covid vaccines could [exacerbate] her current state which could be detrimental to [Plaintiff's] physical and emotional well being, we ask that an exemption be granted."

12. Plaintiff also provided a letter from Defendant's Department of Neurology, where Plaintiff had been examined. The letter stated "Florrie McCarthy is followed by Dr. Finkelstein MGH Neurologist.  Per Dr. Finkelstein we cannot rule out that the COVID 19 vaccine has contributed to some of the patient[']s neurological symptoms.

13. On July 12, 2022, Defendant denied Plaintiff's request stating, "The medical information you provided does not demonstrate a sufficient medical reason or contraindication to support an exemption."

14. On July 27, 2022, Defendant terminated Plaintiff's employment "for non-compliance with Mass General Brigham's COVID-19 Vaccination Policy."

15. Defendant's express reason for terminating Plaintiff was the fact that Plaintiff had not received a product advertised as a "COVID-19 booster."  At all material times, Defendant knew that (a) being injected with such a product would not have prevented Plaintiff from contracting

---

[1] DOI: https://doi.org/10.1016/S1473-3099(21)00467-9

and spreading COVID-19; (b) that Plaintiff had suffered an adverse reaction from the Moderna product and was at risk of further harm from mRNA products,[2] and (3) that Defendant could have accommodated Defendant's request without undue hardship.

16. In the alternative, if Defendant truly believed that being injected with the product would have prevented Plaintiff from contracting and spreading COVID-19, Defendant perceived Plaintiff (wrongly) as being more of disease vector than employees who had been "boosted" and, therefore, Defendant regarded Plaintiff as suffering from a disability within the meaning of the ADA, 42 U.S.C. § 12102.

17. Defendant erroneously perceived Plaintiff as being more susceptible to catching COVID-19 than employees who had received the products. In this way, Defendant regarded Plaintiff as having an impairment that substantially limits one or more major life activities of a person. Accordingly, in addition to being a "handicapped person" on the basis of her adverse reaction and well-founded fear of a similar (or worse) reaction to the product advertised as a "COVID-19 booster," Plaintiff is a "handicapped person" on the basis of Defendant erroneously regarding her as more susceptible to catching COVID-19.

18. By terminating Plaintiff's employment for her choosing not to be injected with a medically unnecessary product that had previously caused her to suffer harm, Defendant discriminated against Plaintiff on the basis of handicap.

---

[2] See ¶12 above: On its page titled "The Moderna COVID-19 (mRNA-1273) vaccine: what you need to know," the World Health Organization (WHO) states: "Individuals with a history of severe allergic reaction to any component of the vaccine should not take this or any other mRNA vaccine."[2]

19. By terminating Plaintiff's employment based on the erroneous perception that Plaintiff was more susceptible to catching a disease than other employees, Defendant discriminated against Plaintiff on the basis of her handicap.

20. Plaintiff suffered an adverse employment action (termination of employment) because of the perceived disability.

21. At all material times, Plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation.

22. The Genetic Information Nondiscrimination Act of 2008 (GINA) provides that it shall be an unlawful employment practice for an employer:

> (1) to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee; or
>
> (2) to limit, segregate, or classify the employees of the employer in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee, because of genetic information with respect to the employee.

42 U.S.C.A. § 2000ff-1. Requiring evidence of a product advertised as a "COVID-19 booster" is a "genetic test" within the meaning of Section 7(A) of GINA in that it constitutes a test of human DNA, RNA, mitochondrial DNA, chromosomes, or proteins for the purpose of identifying the presence or absence of inherited or acquired characteristics in genetic material.

23. By requiring evidence that Plaintiff had received a "COVID-19 booster" and terminating her employment for non-compliance, Defendant discriminated against Plaintiff on the basis of genetic information in violation of GINA, 42 U.S.C. § 2000ff–1(a).

## CLAIMS FOR RELIEF

### COUNT 1

Americans with Disabilities Act (ADA), 42 U.S.C. § 12112
Defendant discriminated against Plaintiff on the basis of disability

24. Plaintiff repeats and incorporates by reference the factual allegations in the preceding paragraphs.

25. As an employer under 41 U.S.C. 12112 (b) (5) (a), Defendant had a duty to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."

26. Defendant was "obligated to provide a reasonable accommodation (as long as it is not unduly burdensome) where a protected employee has requested an accommodation, or the employer otherwise knew that one was needed." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 84 (1st Cir. 2016).

27. Defendant failed to provide any reasonable accommodations upon reasonable request. Defendant failed to assert an undue hardship that would be caused by accommodating Plaintiff's disability.

28. As a result of Defendant's acts and omissions, Plaintiff has suffered harm.

### COUNT 2

Genetic Information Non-discrimination Act (GINA), 42 U.S.C. § 2000ff–1 (a)
Defendant discriminated against Plaintiff on the basis of genetic information

29. Plaintiff repeats and incorporates by reference the factual allegations in the preceding paragraphs.

30. In violation of GINA, Defendant discharged Plaintiff because of genetic information.

31. As a result thereof, Plaintiff has suffered harm.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Honorable Court:

A. Award Plaintiff damages, plus her costs and her reasonable attorney's fees, and

B. Order such other and further relief as the Court deems just and appropriate.

<u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issue so triable pursuant to Fed. R. Civ. P. 38 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

                Respectfully Submitted
                Florrie McCarthy
                By Her Attorney:

                <u>*/s/Peter Vickery, Esq.*</u>
                Peter Vickery, Esq.
                27 Pray Street
                Amherst, MA 01002
                BBO# 641574
                Tel. (413) 992 2915
January 24, 2024            Email: peter@petervickery.com